REQUESTED BY: Mary Jane Egr, Tax Commissioner
You have requested an Attorney General's Opinion as to whether the Department of Revenue must "collect information on those products, such as roll-your-own tobacco . . . that are not stamped under Nebraska law" for purposes of the nonparticipating manufacturers provisions of LB 574. You note that LB 574 is currently on Final Reading, with an emergency clause, and so the Department must prepare to carry out its provisions.
Pursuant to LB 574, the Tax Commissioner is required to collect certain information regarding cigarettes sold in Nebraska. LB 574 is Nebraska's version of a model statute introduced across the country in conjunction with the tobacco Master Settlement Agreement which settled the States' litigation against tobacco manufacturers.
LB 574 provides that "Any tobacco product manufacturer selling cigarettes to consumers within the State . . . shall do one of the following: (1) Become a participating manufacturer . . . or (2) (a) Place into a qualified escrow fund by April 15 . . . the following amounts. . . . (i) 1999: $.0094241 per unit sold after the effective date of this act. . .". LB 574, Ninety-sixth Legislature, First Session, § 2 (emphasis added).
The bill defines "cigarettes" as including "roll-your-own tobacco", id. at § 1 (4), and provides that "nine hundredths of an ounce of roll-your-own tobacco shall constitute one individual cigarette." Id. The bill also defines "units sold" as the number of cigarettes sold "as measured by excise taxes collectedby the State on packs or roll-your-own tobacco containers bearingthe excise tax stamp of the State." Id. at § 1 (10) (emphasis added).
It is clear the bill is intended to encompass roll-your-own tobacco within the definition of cigarettes, and thereby encompass the escrow fund requirements for this product. However, under the bill's express terms the amount payable by nonparticipating manufacturers into escrow is based on units sold, which is defined (for purposes of roll-your-own tobacco) to include only those "roll-your-own tobacco containers bearing the excise tax stamp of the State."
In Nebraska, some tobacco products, such as roll-your-own tobacco, are sold in containers which are not required to bear a State excise tax stamp. See Neb.Rev.Stat. §§ 77-4007, 77-4008. It is our opinion the bill would be unenforceable as to tobacco sold in containers not bearing a State excise tax stamp. Therefore, the Department of Revenue need not collect additional information on tobacco sold in unstamped containers, unless and until such time as the excise tax stamp statutes or the nonparticipating manufacturer provisions are amended so as to change this result.
Sincerely,
 Don Stenberg Attorney General
 Steve Grasz Deputy Attorney General
APPROVED BY:
Don Stenberg 
Attorney General